1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| BRADLEY V.,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>Defendant. | Case No.: 20cv1547-LL<br><br>**ORDER GRANTING JOINT STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920**<br><br>**[ECF No. 18]** |

20

21

22

23

24

25

26

27

28

In this Social Security matter, the Court granted the parties' joint motion to remand this action to the Commissioner of Social Security for further proceedings. ECF No. 16. Currently before the Court is the parties' Joint Stipulation for an award of attorney's fees and expenses of $1,500 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs in the amount of $400 under 28 U.S.C. § 1920. ECF No. 18. The Court construes the Joint Stipulation as a Joint Motion. See CivLR 7.2. The Joint Motion states that it constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, compensating Plaintiff's counsel for legal services regarding this civil action. Id. at 1, 2.

The Court issued an order requesting supplemental briefing on whether the Joint

1

1   Motion was timely filed, and to address the following deficiencies: the Joint Motion did
2   not include an itemized statement of actual time expended and the rate at which fees and
3   other expenses were computed, and the Joint Motion failed to allege that the position of
4   the United States was not substantially justified. ECF No. 19. Plaintiff timely filed a
5   supplement. ECF No. 20. Based on the supplemental briefing, the Court finds that the Joint
6   Motion was submitted within the applicable time period. See Hoa Hong Van v. Barnhart,
7   483 F.3d 600, 611 (9th Cir. 2007) ("Indeed, several courts, including this court, have
8   applied *Schaefer*'s holding that an EAJA application may be filed within 30 days after the
9   60–day period provided for in Rule 4(a) in cases in which both the claimant and the
10  Commissioner have consented to the entry of a judgment of a sentence-four remand.").
11  Additionally, Plaintiff states that the underlying decision was not substantially justified.
12  ECF No. 20 at 7. Plaintiff also provided an itemized statement of time expended and rates.
13  After reviewing the Joint Motion and the supplement briefing, the Court **GRANTS** the
14  Joint Motion and awards Plaintiff $1,500 in attorney's fees under the EAJA and $400 in
15  costs subject to the terms of the parties' Joint Motion.

16      Plaintiff argues in the supplemental briefing that the Court should not request
17  additional information in cases such as this one where the parties have reached a settlement.
18  Id. at 11–13. Plaintiff cites Hensley v. Eckerhart, 461 U.S. 424, 437 (1983), for the
19  argument that "[i]f the parties don't settle, then and only then does the prevailing party bear
20  the burden of proof of time, rates, and entitlement." Id. at 13. Plaintiff argues that the
21  supplemental briefing is an unnecessary drain on counsel's and the Court's time and that
22  the Court should be able to trust Defendant, "the ably represented United States," to "not
23  give away the contents of the Treasury or the Social Security Trust Funds." See ECF
24  No. 20 at 12.

25      The EAJA includes the following:

26      A party seeking an award of fees and other expenses shall, within thirty days
27      of final judgment in the action, submit to the court an application for fees and
        other expenses which shows that the party is a prevailing party and is eligible
28      to receive an award under this subsection, and the amount sought, including

2

an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). Additionally, it states the following regarding fees:

"[F]ees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

28 U.S.C. § 2412(d)(2)(A).

The Court merely seeks to abide by the plain language of the EAJA. The statute allows the payment of reasonable fees with a maximum hourly rate, and thus requires the parties to submit an itemized statement of actual time expended and rates charged. The statute also requires the party to allege that the position of the United States was not substantially justified. If the decision of the administrative law judge at the agency level was not substantially justified, that is a sufficient allegation. See Craig v. Berryhill, 725 F. App'x 580, 581 (9th Cir. 2018) ("This court's caselaw makes clear that where substantial evidence does not support an ALJ's decision, it is the "decidedly unusual case" in which substantial justification, within the meaning of the EAJA, exists."). The Supreme Court stated that "the required 'not substantially justified' allegation imposes no proof burden on the fee applicant" and is "nothing more than an allegation or pleading requirement." Scarborough v. Principi, 541 U.S. 401, 414 (2004). The Court explained that the "EAJA's

3

1    ten-word 'not substantially justified' allegation is a 'think twice' prescription that 'stem[s]

2    the urge to litigate irresponsibly" and "at the same time, the allegation functions to shift

3    the burden to the Government to prove that its position in the underlying litigation 'was

4    substantially justified.'" Id. at 416–17.

5         The Court is not convinced that a settlement excuses Plaintiff from these statutory

6    requirements. In Hensley, cited by Plaintiff, the underlying statute for the attorney's fees

7    at issue was not the EAJA, but the Civil Rights Attorney's Fees Awards Act of 1976,

8    46 U.S.C. § 1988. Hensley v. Eckerhart, 461 U.S. at 429. The Civil Rights Attorney's Fees

9    Awards Act does not contain the numerous specific requirements found in the EAJA.

10   Furthermore, although the Supreme Court in Commissioner, I.N.S. v. Jean, 496 U.S. 154

11   (1990), stated that "[i]n many cases parties are able to resolve by stipulation a claim for

12   fees under the EAJA," a stipulation merely means that the government has agreed to the

13   fees. See id. at 155. It does not necessarily mean that a stipulation excuses the parties from

14   the statutory obligations of the fee application. The Jean Court also noted the following:

15        [N]o award of fees is "automatic." Eligibility for fees is established upon
16        meeting the four conditions set out by the statute, but a district court will
          always retain substantial discretion in fixing the amount of an EAJA award.
17        Exorbitant, unfounded, or procedurally defective fee applications—like any
18        other improper position that may unreasonably protract proceedings—are
          matters that the district court can recognize and discount.

19   Id. at 163.

20        The Court does not intend to discourage settlement or impose an onerous task. When

21   the United States stipulates to a fee award under the EAJA, the Court can accept that the

22   parties have necessarily agreed that the position of the United States was not substantially

23   justified. However, plaintiffs seeking attorney's fees under the EAJA must provide to the

24   Court an itemized statement of rates and hours expended so that the Court can determine

25   if they conform with the EAJA's requirements. In the case of a stipulation, the plaintiff

26   needs to provide, at minimum, a declaration of each individual's rates and each individual's

27   total hours. Even a more detailed itemization of rates and hours is not a difficult task in

28

4

1   today's computerized world, and it is a task that plaintiffs' attorneys must do regardless in

2   order to negotiate a stipulated fee.

3       **IT IS SO ORDERED**.

4   Dated:  October 4, 2021

6   Honorable Linda Lopez
      United States Magistrate Judge

5